[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE ATTORNEY FEES AND COSTS
The plaintiff is a special school district established within the department of correction pursuant to General Statutes §18-99a. It appealed a decision of the state department of education holding the plaintiff liable to provide educational services to defendant Rafael[1] a child requiring special education for a period during which Rafael had been in the custody of the department of correction as a pretrial detainee. The defendant department of education rendered its decision which contained a number of other orders, pursuant to General Statutes § 10-76h. The plaintiff's appeal was authorized by subsection (d)(4) of that statute and by § 4-183. Following a hearing, oral argument by counsel, and the submission of numerous memoranda of law by counsel, this court rendered its decision on the appeal, affirming in part and reversing in part the decision of the defendant department. Presently before the court is defendant Rafael's motion for an award of attorney fees and costs.
The subject of the appeal on which this court rendered its decision was the administrative decision of the hearing officer CT Page 7191 designated by the defendant state a department of education. The hearing officer identified the principal issue at the administrative hearing to be whether plaintiff Unified School District #1 was liable to Rafael for special education services to compensate him for the denial of any such services that were due him during the periods when he was in the custody of the department of correction as a pre-trial detainee. The hearing officer held that the plaintiff was liable for compensatory special education services and that such services should be the residential and treatment program provided by the Brown and Sullivan School in Suffield, Connecticut. The hearing officer also issued supplementary orders requiring that the plaintiff school district (1) hire someone to fill the vacant position in the district to be responsible for administering its special education program; (2) establish a "data collection system" to record when pre-trial detainees are offered educational services; (3) develop a procedure to transfer a scheduled PPT meeting with notice to all participants, to the correctional institution to which the detainee has been transferred.
The plaintiff's appeal of the hearing officer's decision challenged all of her findings and conclusions and disputed the various orders.
In its decision on the plaintiff's appeal, this court upheld the hearing officer's conclusion that the plaintiff school district was obligated under federal law to provide special education services to Rafael while he was a pre-trial detainee in the custody of the department of correction. The basis of the court's decision in this regard was its determination that the federal Individuals with Disabilities Education Act (IDEA) required such services to be provided to all disabled children and preempted any inconsistent provisions of state statutes. The court also affirmed the hearing officer's conclusion that the plaintiff was required to provide Rafael special education services in the future to compensate him for the services that the plaintiff failed to provide him while he was in custody. That determination was also based on provisions of the IDEA, as well as federal and state court decisions construing the Act. The court sustained the plaintiff's appeal, however, with respect to the remainder of the hearing officer's decision. Specifically, the court held that the order requiring that the compensatory services be provided by the Brown and Sullivan School in 1997 was premature, under federal and state law, and could not be affirmed. The court also held that the hearing officer had no CT Page 7192 authority, under state statutes, to issue the three supplementary orders. It is fair to say, therefore, that both the plaintiff and defendant Rafael prevailed to some degree in the administrative appeal decided by this court. Further, for purposes of this motion, it is significant that the court's decision was based on provisions of the federal IDEA, as well as applicable state education statutes.
Following the court's decision on the plaintiff's administrative appeal, defendant Rafael filed this motion requesting that the court order the plaintiff to pay him reasonable attorney fees. In support of the motion, counsel for Rafael filed an affidavit indicating the amount of such fees is $63,760.75.
Defendant Rafael's motion is based solely on provisions of the federal IDEA. That Act, in 20 U.S.C. § 1415 (e)(4)(B), provides as follows:
 In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorney's' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party.
Defendant Rafael contends that this provision of the federal statute authorizes the courts of Connecticut to make such awards. All the parties have filed supplemental memoranda of law. The court has reviewed these briefs, including the many citations expressing conflicting view points. The court concludes that it lacks authority to grant the defendant's motion. As noted, the case comes to this court as an appeal of a decision of a state agency pursuant to Connecticut's Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., in particular §4-183. The plaintiff's appeal is also specially authorized by General Statutes § 10-76h(4). There is no provision in either § 4-183 or § 10-76h that authorizes the court to award attorney fees to a prevailing party. Section 4-184a does permit the court to award attorney fees to the prevailing party in an administrative appeal "if the court determines that the action of the agency was undertaken without any substantial justification." Defendant Rafael makes no claim for an award under this statute, however, and it is clear that he would not be entitled to such an award in any event. As indicated, the plaintiff's actions had some arguable basis in state statutes. Defendant Rafael could not CT Page 7193 show, therefore, that the plaintiff's denial of compensatory educational services was undertaken without any substantial justification, a prerequisite for an award under § 4-183.
The court has set forth the foregoing summary of the administrative proceeding, the plaintiff's appeal, and the court's decision because the analysis demonstrates the essential rooting of the case in state, not federal, law. Although the outcome of the appeal depended in part on preemptive provisions of the federal IDEA, the procedural and much of the substantive framework of the case derives from state statutes. By contrast, the motion now before the court, for attorney fees under20 U.S.C. § 1415, is based entirely on the federal statute, and there is no supportive state statutory framework.
In his motion for attorney fees, defendant Rafael urges the court to construe the applicable provisions of the federal statute to apply to state trial courts in the exercise of their jurisdiction over appeals of state agency administrative decisions. In effect, the defendant asks the state court to import those provisions of the federal statute and engraft them onto the state's administrative procedure act. Defendant Rafael cites a number of federal and state trial court decisions that tend to support his theory. There is no precedent in Connecticut or federal law that is binding on this court, however, and the court concludes that it lacks the authority to grant this defendant's request.
In Faron K. v. Sioux City Community School District,895 F. Sup. 1197 (N.D.Iowa 1995), cited by the defendant department of education in its brief on the subject, the federal district court set forth the better view of the law. Drawing the distinction between an action for judicial review of an administrative decision by an aggrieved party and an action for fees by a prevailing party, the court held that "both the parties authorized to pursue the two kinds of actions . . . and the court or courts authorized to hear them are different." Id. 1210. "The IDEA itself makes it clear that under its provisions an action for attorneys fees and an action for judicial review are entirely separate." Id. 1209-1210. A "fee claim action under the IDEA is . . . an action brought exclusively pursuant to federal law infederal court." Id. 1217 (Emphasis added.) In general accord with the rule that the two actions are entirely separate are Murphy v.Timberlane Regional School District, 22 F.3d 1186, 1193 n. 9 (1st Cir. 1994); Robert D. v. Sobel, 688 F. Sup. 861 (S.D.N.Y. 1988); CT Page 7194 and Michael M. v. Board of Education, 686 F. Sup. 995 (E.D.N Y 1988).
This court finds that the rule enunciated in Curtis K.,
supra, correctly states the law. Defendant Rafael's claim for attorney fees in this case is entirely separate from the claim for judicial review of the administrative decision that was brought by the plaintiff school district. Defendant Rafael's claim, unlike the plaintiff's appeal, is supported only by provisions of a federal statute. The same statute refers unmistakably to the federal district court as the proper forum in which to adjudicate the claim. The rule that this court should defer jurisdiction to the applicable federal district court is completely reasonable and appropriate.
For all of the above reasons, defendant Rafael's motion for attorney fees is denied. Of course, this court's ruling is without prejudice to, indeed it has no bearing on, defendant Rafael's right to pursue his action in the appropriate federal court.
MALONEY, J.